No. 2541

Second Circuit

WHELESS AUTO SUPPLY CO., INC., v. HEROLD

(May 22, 1928.   Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Quasi Contracts—Par. 5.**

An automobile mechanic making repairs to an automobile without the authorization and against the will of the owner is not entitled to remuneration therefor and has not the right of a negotiorum gestor.

Mulligan vs. Kenny, 34 La. Ann. 50.

Appeal from the City Court of the City of Shreveport, Parish of Caddo. Hon. David B. Samuel, Judge.

Action by Wheless Auto Supply Company, Inc., against A. A. Herold.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Melvin F. Johnson; D. C. Scarborough, Jr., of Shreveport, attorneys for plaintiff, appellant.

Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J.   Plaintiff sues defendant for $291.48, balance alleged to be owing for material furnished and labor performed by plaintiff for defendant in repairing an automobile.

Defendant denied liability and alleged that the amount sued for represented labor performed and material furnished in excess of that authorized by him and over his objection.

He further alleged that he had paid, under protest, for more labor performed and material furnished in repairing the automobile than had been authorized by him.

On these issues the case was tried and there was judgment for defendant and plaintiff appealed.

OPINION.

The case presents for our decision only a question of fact, namely, whether the labor and material, the price of which is sued for, were contracted for by defendant or whether they were furnished without his authorization and over his objection.

The evidence discloses that defendant delivered to plaintiff his automobile to tighten up the parts, clean out carbon and adjust the tappets, which should not have taken over three hours' labor of one mechanic and should have been done for a nominal cost, and that defendant subsequently authorized plaintiff to rebore the

cylinder block for the agreed price of $36.00, and instructed plaintiff not to do any other work or furnish any other material on the automobile.

Notwithstanding defendant's instructions, plaintiff performed work or furnished material in the repair of the automobile for which he rendered defendant a bill amounting to $441.48.

Defendant paid plaintiff $150.00 on the bill, alleging at the time that this was more than the value of the repairs he had authorized and denied liability for the balance of the amount claimed and refused to pay it. Whereupon plaintiff brought this suit.

As to the claim sued for herein, defendant testified:

"Q. Doctor, did you authorize anything to be done about your car other than the tightening of the parts, the cleaning out of the carbon, the adjusting of the tappets, and the reboring of these cylinder blocks?
"A. Nothing else was authorized.
"Q. Did you tell them that nothing must be done other than that, without first getting your consent?
"A. I did, and I insisted upon it.
                    *   *   *
"Q. I will ask you this: did you tell them specifically not to do it, and that you would not pay for it?
"A. Not to do anything without first consulting me.
"Q. Was this done without consulting you?
"A. Yes, sir; a large part of it.
"Q. Was anything other than tightening up the parts, cleaning out the carbon, adjusting the tappets and reboring of the cylinders or cylinder blocks authorized by you in connection with this work?
"A. No, sir; but I realized when they took it down to rebore the cylinders that it necessarily would be expert work, that is why I paid them as much as $150.00.
                    *   *   *
"Q. When you first sent your car there it was to be a three-hour job?

"A. Yes, sir.
"Q. Then, afterwards, they called you up and wanted to rebore the cylinders?
"A. Yes, sir.
"Q. And you had a distinct understanding with them as to that?
"A. Yes, sir.
"Q. And you told them at the time not to do anything else?
"A. Yes, sir; not without letting me know.
"Q. When you came back you found that they had done something else without letting you know?
"A. Yes, sir; they had all of these parts laid out.
"Q. At the time that you found your car with all of the parts out, had you given any such instructions to the Wheless Auto Supply Company?
'A. No; I had no idea that they had to buy all of those parts.
'Q. That is not the question. Had you instructed them to do any such work as would call for those parts?
"A. No, sir.
"Q. I will ask you, then, this question: had you told them prior to that, not to do anything without first taking it up with you?
"A. I did.
                    *   *   *
"Q. When you found all of these parts that were there, you found them doing something that you had not instructed them to do?
"A. Yes, sir.
"Q. And you asked on whose instructions they were doing the work without first getting your consent?
"A. Yes, sir.
"Q. Now, doctor, I will ask you this pointed question: I would like for you to state positively one way or the other: did you at that time make the statement that counsel has cross-examined you about, namely, that you would not pay any two or three hundred dollar bill.
"A. Yes, sir."

This testimony was accepted by the trial court as true and we also accept it as true, and under the evidence we are convinced that the judgment appealed from is correct and accordingly it is affirmed.